UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KOGOK, *et al.*, ) | Case No. 12-cv-1739-L(WMC) |
| Plaintiffs, ) ) | **ORDER REMANDING ACTION TO STATE COURT** |
| v. ) | |
| T-MOBILE USA, INC., ) | |
| Defendant. ) | |

On June 12, 2012, Plaintiffs David Kogok and Noe Perez commenced this class action against their employer, Defendant T-Mobile USA, Inc., in the San Diego Superior Court. Plaintiff asserts seven causes of action arising out of her employment with Defendant. On July 13, 2012, Defendant filed a notice of removal, removing this action to this Court. The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

For the following reasons, the Court finds that Defendant's Notice of Removal is facially deficient and **REMANDS** this action to the San Diego Superior Court.

//

//

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II. ANALYSIS

CAFA vests district courts with "original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and

costs, and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)) (internal quotations marks omitted).  After a plaintiff files an action in state court, the defendant must allege and bear the burden of proof that the amount in controversy exceeds $5,000,000. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  Mere conclusory allegations are insufficient. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  The defendant must set forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds $5,000,000. *See Abrego Abrego*, 443 F.3d at 689.

### A.     The Preponderance of the Evidence Standard Applies.

Although the defendant bears the burden of proving that the plaintiff's action meets the requirements of CAFA, the court must also consider what level of proof that the defendant must meet. *Lowdermilk*, 479 F.3d at 998.  The Ninth Circuit has articulated two pertinent scenarios that dictate what level of proof that the defendant must meet in order to show that the amount-in-controversy requirement has been satisfied. *Id.* (citing *Abrego Abrego*, 443 F.3d at 683).  In the first, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" the removing defendant must prove by "a preponderance of the evidence" that the amount in controversy has been met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  And in the second, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met.'" *Id.* (citing *Lowdermilk*, 479 F.3d at 1000).

Here, Plaintiffs expressly allege that the damages sustained are "believed to less than $75,000 each . . . [and] collectively less than $5,000.000." (Compl. ¶ 3.)  Plaintiffs also reserve the right to amend the complaint if the damages prove to be inaccurate.  (*Id.*)  These allegations are similar to the language found in the complaint in *Guglielmino*, where the Ninth Circuit

applied the preponderance-of-the-evidence standard.  Plaintiff has limited the monetary damages and restitution sought to less than $5,000,000, but it is unclear whether this encompasses *all* potential remedies, such as attorneys' fees.  Therefore, the Court applies the preponderance-of-the-evidence standard.

### B. Defendant Has Not Met Its Burden to Show that the Amount in Controversy Exceeds $5,000,000.

Courts have observed that "[a]lthough the precise meaning of legal certainty is not immediately apparent, it is something less than absolute certainty and more stringent than a preponderance of the evidence." *Campbell v. Vitran Express, Inc.*, No. CV-10-04442-RGK(SHx), 2010 WL 4971944, at *2 (C.D. Cal. Aug. 16, 2010) (quoting *Faracchao v. Harrah's Entm't, Inc.*, No. 06-1364, 2006 WL 2096076, at *2 n.1 (D.N.J. May 25, 2006)) (internal quotation marks omitted).  To determine whether the removing defendant has met the more stringent burden of legal certainty, the court may consider facts in the notice of removal and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Abrego Abrego*, 443 F.3d at 690 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

In its notice of removal, Defendant asserts on "reasonable [and] good faith belief" that at least one of the named plaintiffs seeks damages in excess of the $75,000 jurisdictional minimum. (Removal Notice ¶ 8.)  Defendant goes on that Plaintiffs' individual claims for recovery for civil and statutory penalties for a one-year period "could exceed $19,300."  (*Id.* ¶ 12.)  These values are listed as follows: for Labor Code § 210, $5,100 plus 25% of withheld wages; Labor Code § 225.5, $5,100 plus 25% of withheld wages; Labor Code §226(e), $4,000; and for Labor Code § 2699, $5,100.  (*Id.*)  Based on that calculation, Defendant concludes that the amount in controversy exceeds the $5,000,000 jurisdictional minimum under CAFA.  (*See id.* ¶¶ 18–26.) However, none of these values were supported by any evidence.  The only evidence provided includes the declarations of Diane Mattis, a senior paralegal for T-Mobile (Mattis Decl. ¶ 1), and Fred M. Plevin, Defendant's counsel in this action (Plevin Decl. ¶ 1).  But the substance of these

declarations have no bearing on the amount-in-controversy calculation.

In sum, Defendant fails to provide a concrete value for the amount in controversy. Aside from that, and more importantly, Defendant fails to provide any evidence whatsoever to support its conclusion that it has satisfied the amount-in-controversy requirement under CAFA.

### III.   CONCLUSION & ORDER

In light of the foregoing, the facts presented in the notice of removal do not meet the burden of establishing removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, the Court **REMANDS** this action to the San Diego Superior Court.

**IT IS SO ORDERED**.

DATED: July 16, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL